**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM A. BENARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-1050-W |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, Mr. William A. Benard, seeks judicial review of a denial of disability insurance benefits (DIB) and supplemental security income benefits (SSI) by the Social Security Administration. This matter has been referred for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

**I.   Procedural Background**

Mr. Benard filed his applications for DIB and SSI on September 20, 2006, alleging an onset date of October 21, 2002.[1] The Social Security Administration denied his applications initially and on reconsideration. Following a hearing, an Administrative Law

---

[1] The evidence in the administrative record supports the ALJ's finding that Mr. Benard had worked through September 8, 2003. The relevant time period for determining disability is, therefore, September 8, 2003, through the date of the ALJ's decision.

Judge (ALJ) issued an unfavorable decision. AR 6-21. The Appeals Counsel denied Mr. Benard's request for review. AR 1-3. This appeal followed.

## II.     The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that Mr. Benard had not engaged in substantial gainful activity since September 8, 2003. AR 11.

At step two, the ALJ determined that Mr. Benard has the following severe impairments: degenerative disc disease, depression and anxiety. AR 11.

At step three, the ALJ found that Mr. Benard's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 14.

The ALJ next determined Mr. Benard's residual functional capacity (RFC):

> After careful consideration of the entire record, it has been found that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that he only occasionally can balance, climb, stoop, crawl, crouch and kneel.

AR 16-17. At step four, the ALJ concluded that Mr. Benard does not have the physical capacity to perform his past relevant work as an infantry man in the army or warehouse worker. AR 19.

At step five, the ALJ determined that the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 Rule 202.21 (the grids) directed a finding of "not disabled". AR 20.

**III.** **Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**IV.** **Issues Raised on Appeal**

Mr. Benard contends that the ALJ erred in failing to consider all of his medically determinable impairments. He further asserts that the ALJ erred in failing to make a finding concerning his mental residual functional capacity.

**V.     Analysis**

    **A.     The ALJ's Consideration of Mr. Benard's Medical Impairments**

At step two of the sequential evaluation, the ALJ listed degenerative disc disease as Mr. Benard's sole severe physical impairment. Mr. Benard contends that the ALJ erred in failing to include the ACL tear subsequent surgery and the degenerative changes in Mr. Benard's left knee and left foot in the list of severe impairments.

The ALJ described Mr. Benard's history of the knee injury and subsequent surgery. AR 12. The ALJ noted that an MRI taken on April 26, 2003, revealed degenerative or postoperative diminutive body medial meniscus. *See* AR 217. An X-ray taken on August 20, 2007, showed lateral, greater than medial, tibiofemoral compartment narrowing with mild associated lateral subluxation and associated degenerative changes, small joint effusion, but no hardware failure. *See* AR 307. The X-ray was performed because Mr. Benard had reported increasing pain and swelling caused by simply walking. The administrative record indicates that Mr. Benard continued to have problems with his knee even after surgery. The ALJ does not specify why he did not find Mr. Benard's knee pain to be severe at step two. But even if the ALJ found Mr. Benard's knee problems to be nonsevere, the regulations state that "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184 at *5 (Jul. 2, 1996).

On remand, the ALJ should revisit this issue and state his conclusions regarding the severity of the left knee impairments. Should the ALJ find that Mr. Benard's knee

impairments are nonsevere, the ALJ should nonetheless evaluate the effects of his knee impairments in combination with his other physical impairments.

### B.     The ALJ's Failure to Include a Mental RFC

At step two, the ALJ found that Mr. Benard has severe nonexertional limitations including depression and anxiety.  AR 11.  On January 30, 2007, Mr. Benard underwent a consultative mental examination by J. Ronald Cruse, Ph.D., who interviewed Mr. Benard and completed a mental status examination report.  AR 252-255.  Dr. Cruse's diagnosis was "Major Depressive Disorder, Severe, With Psychotic Features, Anxiety Disorder NOS [Not Otherwise Specified], Alcohol Abuse, and Cannabis Abuse, In Early Full Remission, By Report."  AR 254.  Dr. Cruse assessed Mr. Benard's Global Assessment of Functioning (GAF) and assigned a score of 40.[2]  Dr. Cruse specifically stated that Mr. Benard's contact with reality "is marginal."  AR 254.  He further stated that Mr. Benard's occupational functioning has been severely impaired for more than three years, and that his interpersonal functioning has also been severely impaired.  Dr. Cruse also stated that in his opinion, Mr. Benard is incapable of handling any awarded benefits in a responsible manner.  *Id.*

On February 20, 2007, Cynthia Kampschaefer, PSYD, completed a Psychiatric Review Technique form in which she stated that a mental RFC assessment was necessary,

---

[2] A GAF rating indicates an individual's overall level of functioning.  A GAF of 31 to 40 indicates "[s]ome impairment in reality testing or communication" or "major impairment in several areas."  Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 2000).

based on Mr. Benard's diagnosed affective disorders and substance addiction disorders.  AR 265.  She diagnosed Mr. Benard with depressive syndrome characterized by decreased energy, feelings of guilt or worthlessness, thoughts of suicide, and hallucinations, delusions or paranoid thinking.  AR 268.  She found that Mr. Benard was moderately limited in his activities of daily living, maintaining social functioning, and maintaining concentration, persistence or pace.  AR 275.

Dr. Kampschaefer also completed a Mental Residual Functional Capacity Assessment in which she rated Mr. Benard as being markedly limited in the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public.  AR 279-280.

The ALJ's RFC, however, was based solely on Mr. Benard's physical functional limitations.  The ALJ neglected to determine what effect Mr. Benard's mental impairments would have on his ability to work, even though the ALJ herself found that Mr. Benard's depression and anxiety are severe impairments.   Ignoring the nonexertional mental impairments substantiate by the record, the ALJ then applied the grids to determine that Mr. Benard was not disabled.  AR 16-17.  But "resort to the grids is particularly inappropriate when evaluating nonexertional limitations such as . . . mental impairments."  *Hargis v. Sullivan*, 945 F.2d 1482, 1490 (10th Cir. 1991).  Although the grids may be used to direct a conclusion of "not disabled" if the claimant's nonexertional impairments do not significantly reduce the underlying job base, *see Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (holding that ability to perform a "substantial majority of the work in the designated RFC

6

category" justifies use of the grids), "[t]he ALJ . . . must back such a finding of negligible effect with the evidence to substantiate it." *Talbot v. Heckler*, 814 F.2d 1456, 1465 (10th Cir. 1987). In this case, there is insubstantial support in the record that would justify the ALJ's use of the grids to direct a finding of "not disabled." Moreover, the ALJ never asked the vocational expert whether, considering Mr. Benard's mental impairments, the number of jobs in the sedentary job base would be eroded. The ALJ's failure to determine what effect Mr. Bernard's severe mental impairments would have on his ability to work constitutes legal error.

Accordingly, it is recommended that this case be reversed and remanded for further consideration consistent with this Report and Recommendation.

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P.72. Any such objections should be filed with the Clerk of the District Court by February 13th, 2012. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this   23rd   day of January, 2012.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE